50

In the Matter of JOHN O'ROURKE, a Justice of the Municipal Court of the City of New York, Borough of Queens.

Second Department, July 1, 1938.

PER CURIAM. In considering this matter, initiated by the court on its own motion, the court has before it (1) a transcript of testimony taken before President Justice BISSELL of the Municipal Court of the City of New York with reference to the use of a name other than the true name of a defendant in an opinion written by Justice O'Rourke in a case entitled " Tompkins Square Holding Co., Inc., v. Simon W. Gerson," before him from the Ninth District Municipal Court, Borough of Manhattan, in which borough he had been assigned for service; (2) an answer thereto, filed by the justice with this court by its direction; (3) a copy of the testimony taken before Theodore Kiendl, Esq., appointed by the Appellate Division of the First Department to investigate court records in the case of Tompkins Square Holding Co., Inc., v. Simon W. Gerson; (4) a copy of the testimony taken before the Joint Legislative Committee to Investigate the Administration and Enforcement of the Law; (5) a copy of the report of the referee appointed by the Appellate Division; (6) the records of the Ninth District Municipal Court.

The testimony taken before the referee and the legislative committee is an amplification of the testimony taken before the president justice.

It should be noted that the only irregularity is in connection with the opinion written by the justice. The clerk's docket is regular in every detail; it is correctly entitled, and there is an entry that the motion for summary judgment was granted by the justice. The order which directs judgment in favor of plaintiff, also correctly entitled, is in the handwriting of the justice. The

opinion, however, contains a name for defendant other than his true name. The opinion, which is a court record, was intended to be an expression of the justice's reasons for deciding the case in favor of plaintiff. Although the opinion was improperly entitled, the effective document, the one which gave plaintiff the relief it sought, was the order, which, as stated, was in due form and correctly entitled. In looking up records, one would be apt first to go to the docket, and there everything would be found in good order.

It was a simple case. The necessity for an opinion is not indicated. A silent pen would have been more effective for the purpose which, unwisely, the justice seems to have had in mind. There was no justification for what was done by the justice. Sometimes, but rarely, in the public interest, courts will patently withhold the name of the litigant, but never will make a substitution.

Mr. Kiendl, the learned referee, has found that the justice knew or should have known that the concealment of defendant's identity in the opinion was unwarranted and susceptible of interpretation of improper change and alteration of court records. He also found that the act of the justice was not corrupt, fraudulent or unlawful in the sense that any statute was violated, and that such judicial or professional impropriety as existed was to be attributed to impulsiveness and lack of reflection on the part of the justice.

This really means that the justice intended to do no wrong. The justice so asserts before this court. The court believes him, supported as he is by an excellent reputation and the good opinion of him by President Justice Bissell of the Municipal Court as to his efficiency and probity.

That a name was substituted naturally aroused suspicion of corrupt practice, created a general misunderstanding of the effect upon the interest of the litigants, and compelled investigation of the conduct of those involved. The justice made a heedless mistake. However, it is disclosed that it was done without evil mind or corrupt motive. Under the circumstances, the proceeding should be dismissed.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and TAYLOR, JJ.

Proceeding unanimously dismissed.